IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

ASHLEY BERNARD,

Plaintiff,

RECEIVED
JUL 02 2026
EDNY PRO SE OFFICE

CV 26 3985

v.

BULSARA, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 02 2026 ★
LONG ISLAND OFFICE

REC'D IN PRO SE OFFICE
JUL 2 '26 PM3:13

Experian,

LINDSAY, M.J.

Defendant.

COMPLAINT

Plaintiff Ashley Bernard, proceeding pro se, alleges the following against Defendant Experian:

JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves federal questions under the FCRA.

3. Venue is proper in the Eastern District of New York because Plaintiff resides in this district and the harm complained of occurred within this district.

PARTIES

4. Plaintiff Ashley Bernard is a natural person and consumer as defined by 15 U.S.C. § 1681a(c).

5. Defendant Experian is a consumer reporting agency as defined under 15 U.S.C. § 1681a(f) and regularly conducts business throughout the United States, including New York.

FACTUAL ALLEGATIONS

6. Plaintiff reviewed her consumer credit reports and discovered inaccurate, misleading, and/or unverifiable information being reported by Defendant.

7. Plaintiff disputed the inaccurate information with Defendant Experian.

8. Plaintiff provided notice that the accounts being reported were inaccurate, misleading, incomplete, and/or incapable of verification.

9. Despite receiving Plaintiff's disputes, Defendant continued reporting the disputed information.

10. Upon information and belief, Defendant failed to conduct a reasonable reinvestigation as required under 15 U.S.C. § 1681i.

11. Defendant continued reporting information as "verified" without providing Plaintiff with sufficient documentation demonstrating the accuracy and completeness of the information being reported.

12. Defendant failed to maintain reasonable procedures to assure maximum possible accuracy of the information contained within Plaintiff's consumer report in violation of 15 U.S.C. § 1681e(b).

13. Defendant also failed to properly and clearly note that the accounts were disputed by Plaintiff.

14. As a direct result of Defendant's conduct, Plaintiff suffered damages including emotional distress, anxiety, frustration, loss of credit opportunities, damage to reputation, and financial harm.

15. Plaintiff further suffered harm through denials of credit and/or less favorable credit terms as a result of the inaccurate reporting.

## FIRST CAUSE OF ACTION

Violation of 15 U.S.C. § 1681i

Failure to Conduct Reasonable Reinvestigation

16. Plaintiff repeats and realleges all prior paragraphs.

17. Defendant failed to conduct a lawful and reasonable reinvestigation of Plaintiff's disputes after receiving notice of disputed information.

18. Defendant negligently and/or willfully failed to comply with its obligations under the FCRA.

19. As a direct and proximate result, Plaintiff suffered actual damages.

SECOND CAUSE OF ACTION

Violation of 15 U.S.C. § 1681e(b)

Failure to Follow Reasonable Procedures

20. Plaintiff repeats and realleges all prior paragraphs.

21. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information reported concerning Plaintiff.

22. Defendant continued furnishing and publishing inaccurate and misleading information despite receiving notice of disputes.

23. Defendant's conduct was negligent and/or willful.

DAMAGES

24. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and any additional relief deemed just and proper by the Court pursuant to:

15 U.S.C. § 1681n

15 U.S.C. § 1681o

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual damages;

B. Award statutory damages;

C. Award punitive damages for willful noncompliance;

D. Award costs and allowable relief under the FCRA;

E. Order correction and deletion of inaccurate reporting; and

F. Grant any other relief the Court deems just and proper.

Respectfully submitted,

Ashley Bernard

Alouisdhon@gmail.com

Phone: 6465250103

26 Maryland Avenue

Hempstead Ny 11550

Plaintiff Pro Se

Dated: May 14, 2026

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Ashley Bernard

**(b)** County of Residence of First Listed Plaintiff Nassau County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
. Ashley Bernard, am appearing Prose in this action. My mailing address, telephone number, and email address relisted below for all correspondence from the court and the Parties. Ashley; Prose 26 maryland Ave hempstead NY 11550, Telephone 6465250103 email: aiouisdhon@gmail.com

**DEFENDANTS**
Experian Information Solution Inc

County of Residence of First Listed Defendant New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**
210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS**
PERSONAL INJURY: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Medical Malpractice
PERSONAL INJURY: 365 Personal Injury - Product Liability; 367 Health Care/ Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**
440 Other Civil Rights; 441 Voting; 442 Employment; 443 Housing/ Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS**
Habeas Corpus: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty
Other: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**
710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**
462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**
422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
820 Copyrights; 830 Patent; 835 Patent - Abbreviated New Drug Application; 840 Trademark; 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**
870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
375 False Claims Act; 376 Qui Tam (31 USC 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; [X] 480 Consumer Credit (15 USC 1681 or 1692); 485 Telephone Consumer Protection Act; 490 Cable/Sat TV; 850 Securities/Commodities/ Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause: act violation arriving from inaccurate credit reporting and failure to fair credit report conduct reasonable investigation per 15 USC 1681

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 6/2/26 SIGNATURE OF ATTORNEY OF RECORD Ashley Bernard Prose

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☒

I, ______________________, counsel for______________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☐ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☒ No
2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☒ No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☒ Yes ☐ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☒ Yes ☐ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☒ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☒ Yes ☐ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☐ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain) ☐ No

I certify the accuracy of all information provided above.

**Signature:** ______________________

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ______________________________, counsel for______________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☐ No
2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☐ No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☐ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☐ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☐ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☐ No

(*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain) ☐ No

I certify the accuracy of all information provided above.

**Signature**: ______________________________

Ashley Bernard
26 Maryland Avenue
Hempstead, NY, 11550

PRIORITY MAIL
TRACKED ★ ★ ★ INSURED
UNITED STATES POSTAL SERVICE
For Domestic and International Use
Label 107R, May 2014

Retail
U.S. POSTAGE PAID
PM
BROOKLYN, NY 11236
JUN 29, 2026
11722
RDC 03
$16.30
S2324P503212-10

Clerk of Court
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

SWCM

9589 0710 5270 4351 2196 99
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
9589 0710 5270 4351 2196 99

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 02 2026 ★
LONG ISLAND OFFICE

PRIORITY MAIL
TRACKED ★ ★ ★ INSURED
UNITED STATES POSTAL SERVICE
For Domestic and International Use
Label 107R, May 2014